IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TERI PENDLEY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Civil Action No. 1:23-CV-00169-H-BU <br> A.R.D. EXPRESS, INC., *et al.*, § <br> § <br> Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

This case involves a March 2023 motor vehicle accident on Interstate 20 between Plaintiff Teri Pendley and the unknown driver of an 18-wheeler truck. Dkt. No. 8 at 1. Pendley claims the truck was owned or operated at the time by A.R.D. Express, Inc. (A.R.D.). Dkt. No. 1-5 at 1. She originally filed her lawsuit in the state court of Taylor County against A.R.D. and John Doe, the unknown driver of the truck.[1] *Id*. A.R.D. then removed the case to this Court on October 18, 2023, under its diversity jurisdiction. Dkt. No. 1.

Before the Court is the Motion to Dismiss filed by A.R.D. on August 21, 2023. Dkt. No. 4. Pendley filed her response on September 20, 2023. Dkt. No. 5.  A.R.D. has not filed

---

[1] Although not pleaded in her Original Petition, Pendley's response to the Motion states that this was "a hit and run case" where Defendant Driver "did not stop and exchange information after causing this accident." As of this FCR, Doe is apparently still unknown to Pendley. Dkt. No. 5 at 2.

a reply and the time to do so has passed. Having considered the Motion and Pendley's response, the undersigned recommends that A.R.D.'s Motion to Dismiss be GRANTED.

## I.     BACKGROUND

Pendley alleges that on March 10, 2023, she was driving on I-20 when an A.R.D. 18-wheeler driven by Doe side-swiped her, which caused her to drive onto the shoulder and into the dirt median. Dkt. No. 1-5 at 2. Pendley claims that the accident caused injuries to her arms, shoulders, neck, and other areas of her body. *Id.* She also states that she has suffered "severe emotional and mental distress" due to the collision. *Id.*

## II.     MOTION TO DISMISS STANDARD

Dismissal for failure to state a claim under Rule 12(b)(6) "turns on the sufficiency of the 'factual allegations' in the complaint.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). This means that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not establish that the pleaded facts probably occurred as alleged, but the facts must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678–79). There must be enough factual content pleaded to allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a complaint under these standards, "the Court must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v.*

*Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (alterations and internal quotations omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. And when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

The operative pleading in this removed action is Pendley's Original Petition filed in Taylor County district court. Dkt. No. 1–5. Pendley pleads the following facts through that petition:

**Facts**

> On or about March 10, 2023, Plaintiff suffered injuries as a result of Defendants' negligence. [Doe] was driving an 18-wheeler owned/operated/insured by Defendant A.R.D. on I-20 on the date in question. Specifically, Defendants' vehicle made an unreasonable advance with little room to move and side-swiped the Plaintiff. This forced Plaintiff to drive onto the shoulder, into the dirt median. As a proximate result of the collision, Plaintiff suffered severe injuries to her arms, shoulders, back, and other parts of her body. In addition, Plaintiff has suffered severe emotional and mental distress as a result of the collision.

*Id*. at 2.

Based on this set of facts, Pendley asserts five causes of action: (1) negligence by Doe in the operation of the vehicle, (2) A.R.D.'s negligence in hiring Doe, (3) A.R.D.'s negligence in training Doe, (4) A.R.D.'s negligence in supervising, retaining, and monitoring Doe, and (5) A.R.D.'s negligence in entrusting the vehicle to Doe. *Id*. 2–5.

A.R.D's Motion is straightforward and argues simply that Pendley's petition fails to plead sufficient facts to plausibly support her claims against A.R.D. of negligent hiring,

training, supervising, retaining, monitoring, and entrusting of Doe. Dkt. No. 4. A.R.D. argues that Pendley's allegations "are nothing more than 'threadbare recitals of [some of] the elements of [such causes] of action, supported by mere conclusory statements.'" *Id*. at 5. A.R.D. does not move for dismissal of Pendley's claim against Doe.[2] *Id*.

In response to the Motion, Pendley argues that:

> Defendant A.R.D. has not moved to dismiss all claims for which they could be held liable. Namely, Plaintiff has alleged that Doe [] was driving a vehicle owned, operated, and insured by Defendant A.R.D. Defendant A.R.D. is an interstate carrier and deemed the statutory employer of the driver. Defendant A.R.D. would be liable for any actions/omissions of the unknown driver under the doctrine of *respondeat superior*[.]

Dkt. No. 5 at 1. Additionally, Pendley states that she plans to seek leave to amend to address the factual insufficiencies identified by A.R.D. *Id*. at 1-7. As of the date of this FCR, Pendley has not filed a motion for leave to amend.

Pertaining specifically to her claims against A.R.D., Pendley states that she has alleged more than "mere thread-bare recitals of the elements of each cause of action." *Id*.. She urges that she "has not just offered a basic recitation of the elements of her causes of action, rather she has offered factual allegations supporting and constituting the elements of those claims." *Id*. at 4.

The purported factual allegations relied on by Pendley to support her claims against A.R.D. are long on boilerplate and short on specific facts. She alleges the following in connection with the four causes of action she brings against A.R.D.:

---

[2] A.R.D. is the only defendant who has been served with process and filed its Notice of Removal without filing an answer in state court.

**B. Defendant A.R.D.'s Negligent Hiring.**

\* \* \*

13. Plaintiff sustained injuries as a result of Defendant A.R.D.'s negligent hiring because of Defendant A.R.D.'s:

    a. Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential employee.
    b. Failure to properly follow up on information not provided Defendant Driver in the interview process.
    c. Failure to conduct a proper employment and background check.
    d. Failure to sufficiently investigate Defendant Driver's training, prior employment, criminal record, and past.
    e. Failure to perform the required screening, testing, and physical of Defendant Driver.
    f. Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.
    g. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**C. Defendant A.R.D.'s Negligent Training.**

\* \* \*

15. Plaintiff sustained injuries as a result of Defendant A.R.D.'s negligent training because of Defendant A.R.D.'s:

    a. Failure to explain and demonstrate its safety policies and procedures to Defendant Driver.
    b. Failure to provide the necessary training to Defendant Driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.
    c. Failure to properly train its drivers regarding all aspects of driver safety.
    d. Failure to train its employees, including Defendant Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.
    e. Failure to provide and/or require regular follow-up driver education and training.
    f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D. Defendant A.R.D.'s Negligent Supervision, Retention, and Monitoring.**

\* \* \*

17. Plaintiff sustained injuries as a result of Defendant A.R.D.'s negligent supervision, retention, and monitoring because of Defendant A.R.D.'s:
> a. Failure to monitor Defendant Driver to make sure that he was complying with policies and procedures.
> b. Failure to interview and test Defendant Driver to make sure he had read, and was familiar with, understood, and followed the company policies and
> procedures.
> c. Failure to implement proper policies and procedures for its employees, including Defendant Driver, regarding driver safety and vehicle safety.
> d. Failure to document and make a determination regarding fault in the accident made the basis of this suit.
> e. Failure to supervise Defendant Driver to ensure that he was keeping the vehicle properly maintained.
> f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E. Defendant A.R.D.'s Negligent Entrustment.**

\* \* \*

19. Plaintiff sustained injuries as a result of Defendant A.R.D.'s negligent training because Defendant A.R.D.:
> a. Provided a vehicle to Defendant Driver who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

Dkt. No. 1-5 at 3-5.

The undersigned finds that these allegations are not factual in nature, but rather are general, conclusory statements couched as factual allegations. *See Iqbal*, 556 U.S. at 678 (while courts must accept plaintiff's factual allegations as true, they are not bound to accept as true legal conclusions and statements of a claim's elements couched as factual allegations.). In contrast, Pendley's allegations against Doe are specific and factual. For example,

Pendley asserts that she was harmed when Doe was driving an 18-wheeler on I-20, made an unreasonable advance with little room to move, side-swiped Pendley's vehicle, forced her to drive onto the shoulder and into the dirt median, and caused her injuries as a result. *See id* at 2. Such facts are adequate to plausibly support at least an inference that Doe was negligent in his operation of the vehicle on that occasion.[3]

But Pendley's boilerplate allegations of how A.R.D. was directly negligent in its hiring, training, supervising, retaining, monitoring, and entrusting of Doe—even those, like here, that list specific categorical examples of how an employer might fail in these endeavors—cannot support such claims when there are no facts pleaded connecting those examples to Doe or to A.R.D., other than the inclusion of their names. Indeed, Doe has yet to be identified so that the facts surrounding his hiring, training, supervising, retaining, monitoring, and entrusting can be developed.

Pendley's specific factual allegations about Doe's actions are the only well-pleaded facts in her petition. But these allegations, accepted as true at this stage, stop short of plausibly supporting the far broader and more attenuated inferences that A.R.D. was directly negligent in its hiring, training, supervising, retaining, monitoring, or entrusting of Doe.[4] While it may be theoretically *possible* based on these facts that A.R.D. was directly negligent in one or more of the claims alleged by Pendley, she has failed to bring forward well-

---

[3] To state a claim for negligence under Texas law. a plaintiff must plausibly allege three elements: (1) a legal duty owed by the defendant to the plaintiff; (2) breach of that duty; and (3) damages proximately caused by such breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

[4] The undersigned finds it unnecessary here to state the elements for Pendley's claims against A.R.D. as they are adequately set forth in A.R.D.'s response for this purpose. It suffices here to note that Pendley has failed to allege facts plausibly showing, in non-conclusory fashion: (1) that A.R.D. was on notice that Doe should not have been hired or, once hired, retained, or (2) how this apparent one-off accident plausibly suggests Doe needed more training, monitoring, or supervision than provided by A.R.D., assuming he was employed by A.R.D.

pleaded facts that allow the Court "to infer *more than the mere possibility* of misconduct" on the part of A.R.D. on these claims. *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796 (internal quotations omitted). (emphasis added).[5]

Having addressed the only direct negligence claims Pendley brings against A.R.D., the only remaining potential claim against A.R.D. is a vicarious liability claim. This claim is referenced in Pendley's response to the Motion where she argues that:

> Defendant A.R.D. has not moved to dismiss all claims for which they could be held liable. Namely, Plaintiff has alleged that Doe [] was driving a vehicle owned, operated, and insured by Defendant A.R.D. Defendant A.R.D. is an interstate carrier and deemed the statutory employer of the driver. Defendant A.R.D. would be liable for any actions/omissions of the unknown driver under the doctrine of *respondeat superior*[.]

Dkt. No. 5 at 1. But Pendley has not alleged in her petition that A.R.D. is an interstate carrier and the deemed statutory employer of Doe. Nor has she otherwise specifically alleged a claim under the doctrine of *respondeat superior* or vicarious liability. The closest she comes to doing so is in her diversity allegations where she states that A.R.D. "is a Michigan company that has done substantial and continuous business" in Texas and her allegation that A.R.D. "owned/operated/insured" the vehicle being driven by Doe. Dkt. No. 1-5 at 2. But these allegations are insufficient, and Penley does not otherwise plead that A.R.D. is an interstate carrier or, directly, Doe's employer. Pendley's only allegation that

---

[5] Although Pendley is not required to identify Doe at this stage of the pleadings, she is required to plead enough facts about A.R.D.'s negligence in hiring, retaining, training, supervising, monitoring, or entrusting Doe to make those claims plausible on their face. *See Twombly*, 550 U.S. at 570. If those facts are not yet available to her, she may seek to amend her claims once they are, through a timely and well-supported motion. The Scheduling Order entered this same day provides that the parties have until October 21, 2024, to complete discovery, and until April 26, 2024, to file motions for leave to amend pleadings.

A.R.D. employed Doe is by implication through her assertion of causes of action sounding in negligent hiring, training, supervising, retaining, *etc*.

The Court accepts Pendley's well-pleaded facts as true and views those facts in a light most favorable to her, but it does so only in determining whether those facts plausibly support the claims she pleaded. Unlike the pleadings of *pro se* parties, "[w]hen a party is represented by counsel, the Court does not liberally construe the pleadings." *Fisk v. Quarterman*, No. 3:04-CV-2643-H, 2007 WL 2192633, at *11 (N.D. Tex. July 30, 2007). The facts Pendley pleads regarding Doe's actions likely support an inference that A.R.D., which presumably was somehow involved in placing Doe behind the wheel of the truck bearing its logo, *may* be liable to Pendley under a *respondeat superior* or vicarious liability theory for Doe's actions while behind that wheel. Pendley states in her response to the Motion, filed September 11, 2023, that she plans to seek leave to amend to address the factual insufficiencies identified by A.R.D. Dkt. No. 5 at 1-7. But as of the date of this FCR, Pendley has not filed a motion for leave to amend.

## IV.   CONCLUSION

For these reasons, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED, and that Pendley's claims against A.R.D. for negligence in the hiring, training, supervising, retaining, monitoring, and entrusting of Doe be dismissed, but without prejudice.

## V.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report

and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 6th day of November, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE